IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD HUBAND,

        **Petitioner,**

vs.                                                                                                  No. CIV 12-805 WJ/ACT

TIMOTHY HATCH, Warden, and
GARY K. KING, New Mexico
Attorney General,

        **Respondents.**

## MAGISTRATE JUDGES' REPORT AND RECOMMENDATION[1]

**THIS MATTER** comes before the Undersigned on the Order of Reference by the Honorable M. Christina Armijo[2] [Doc. 5] filed August 3, 2012, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.

Petitioner Donald Huband ("Huband") filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on July 23, 2012. [Doc. 1.] Huband's Amended Petition (adding his signature) was filed on August 6, 2012 ("Petition"). [Doc. 6.] Respondents Timothy Hatch and Gary K. King, New Mexico Attorney General, (collectively "Respondents") filed their Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc.1], on September 28, 2012 ("Answer"). [Doc. 18.] Respondents additionally filed a Motion to Dismiss Petition Without Prejudice on September 28, 2012 ("Motion"). [Doc. 19.] In response, Huband

---

[1] The parties will be given the opportunity to object to the Report and Recommendation as described in 28 U.S.C. § 636(b)(1). Objections must be filed within fourteen (14) days after being served with a copy of the Report and Recommendation. A party waives the right to challenge the Magistrate Judge's Report and Recommendation if the party does not file timely and specific objections.

[2] On September 10, 2012, this case was reassigned to the Honorable United States District Judge William P. Johnson as the trial judge. [Doc. 13, text only entry.]

filed a Motion to Order Respondents to Calculate the Exact Number of Days Which Mr. Huband Has Left to File a Federal Habeas Petition If the Court Dismisses His Petition Without Prejudice to Exhaust Issues Asserted in Respondents Motion on October 5, 2012 ("Response"). [Doc. 20.] Respondents did not file a reply.

The Undersigned, having considered the parties' filings, the relevant law, and otherwise being fully advised, recommends that Respondent's Motion be GRANTED unless Huband files an amended Petition presenting only his exhausted claims.

## Background Facts and Procedural Posture

1. Huband is a state prisoner at the Northeast New Mexico Detention Facility ("NNMDF") where Defendant Timothy Hatch is the Warden. [Doc. 6, p. 1; Doc. 18, p. 1.] In his Petition, Huband seeks relief from his sentence in two criminal cases: CR-2006-117 and CR-2006-189. These cases, filed in the Twelfth Judicial District Court, County of Lincoln, were consolidated by Chief Judge Karen Parsons. [Doc. 6, p. 33.] Following a jury trial, Huband was found guilty of the offenses of Aggravated Burglary, Kidnapping, False Imprisonment, Aggravated Assault Against a Household Member and Criminal Damage to Property, in CR-2006-117, and two counts of Criminal Solicitation to wit: Murder in the First Degree, in CR-2006-189. [Doc. 18-1, pp. 5 – 6.]

2. Huband appealed his conviction to the New Mexico Court of Appeals. [Doc. 18-2, pp. 1 – 34.] The New Mexico Court of Appeals rejected his challenge and affirmed. [Doc. 18-3, pp. 1-15.] Huband than sought a writ of certiorari with the New Mexico Supreme Court, which was denied. [Doc. 18-3, pp. 18 – 28.] Huband filed a petition for a writ of habeas corpus in the Twelfth Judicial District, which was denied. [Doc. 18-3, pp. 29 – 105; Doc. 18-4, pp. 32 – 64.] Huband sought a writ of certiorari on his state habeas corpus petition to the New Mexico

Supreme Court, which was also denied. [Doc.18-4, pp. 36 – 44; Doc. 18-4, p. 45.] Huband than filed the petition for writ of habeas corpus in this Court. [Doc. 1 and 6.]

3. Huband lists five grounds as the basis of his instant petition: (1) ineffective assistance of counsel[3]; (2) the courts' abuse of discretion and power; (3) the state's abuse of discretion and power; (4) denial of his right to assistance of an attorney of his choice; and (5) the cumulative effect of counsel's errors constitutes ineffective assistance for which he requests an evidentiary hearing to establish that his counsel was, in fact, ineffective. These claims include several sub-claims, some of which have sub-claims of their own. [Doc. 6.]

4. The following is a list of the claims and sub-claims brought by Huband in the instant Petition:

I) Ground I - Ineffective Assistance for:

  A) Failure to investigate the following:

    1) Criminal Damage to Property claim;

      (a) Allegedly forged "Sole and Separate" property agreement;

      (b) Whether the house was community property; and

      (c) The contents of a letter regarding wife's alleged dissatisfaction with the marriage.

    2) The legitimacy of the photographs at the crime scene allegedly "directed" by Mrs. Huband;

    3) Entrapment Defense including:

      (a) Audiotape of "Death Notice"; and

      (b) Recordings of conversations with undercover officer leading to entrapment.

---

[3] A claim for ineffective assistance of counsel is generally brought pursuant to the Sixth Amendment of the United States Constitution. See, e.g., *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Plaintiff does not specifically cite the Sixth Amendment of the United States Constitution, however, he specifically raises the Sixth and Fourteenth Amendments in the course of his direct appeal and state habeas application. [Doc. 18-2, pp. 24 – 25.]

    4) Temporary Insanity Defense.

B) Failure to perform pretrial interviews and, therefore, failure to impeach witnesses.

C) Failure to present expert testimony, including:

    1) Handwriting expert;

    2) Physician who performed court ordered evaluation; and

    3) Additional experts regarding his reaction to "traumatic news."

D) Failure to pursue pretrial motions previously filed.

E) Failure to object to:

    1) Joinder of trials;

    2) Amended criminal complaint in violation of previous agreement;

    3) Additionally amended complaint filed the day of trial; and

    4) District attorney's amended witness list filed the day of trial.

F) Failure to file motions:

    1) For separate trials;

    2) Requesting a continuance;

    3) To dismiss due to expiration of time under right to Speedy Trial; and

    4) Motion to dismiss for violation of discovery rules.

G) Failure to request lesser included offenses in jury instructions.

H) Giving fundamentally incorrect advice to defendant concerning right to testify.

I) Failure to adequately cross examine witnesses.

J) Failing to prepare for trial by:

    1) Failing to perform prior investigation;

    2) Failing to call or subpoena witnesses; and

      3) Failing to call any experts.

II) Ground II – Court's Abuse of Discretion and Power

    A) Judge Parsons erred by:

      1) Violating the "ten day" rule (after being excused by the state); and

      2) Improper joinder/consolidation.

    B) Judge Wilson (trial judge) erred by:

      1) Failing to allow previous out-of-court statements at trial until the second day;

      2) Serving late notice of jury trial only 10 days prior to trial date;

      3) Determining that Counts 1 and 2 were "serious violent offenses";

      4) Denying motion to disqualify district attorney; and

      5) Allowing illegally acquired testimony to be used.

III) Ground III - State Abused its Discretion and Power by:

    A) Filing a motion to quash defendant's amended witness list on the grounds it was not filed with 10 days advance notice; and

    B) Filing an amended witness list the day of trial (and court allowed witness to testify).

IV) Ground IV – Huband's Right to Assistance of Counsel of his Choice was violated because he hired Attorney Carpenter, Carpenter didn't show up for trial but sent Attorney Pottenger.

V) Ground V - The Cumulative effect of Counsel's errors is Ineffective Assistance.

[Doc. 6, pp. 18 – 39.]

    5. After a thorough review of the State Court proceedings, it appears that Huband has only exhausted the following claims prior to bringing this petition:

I) Ground I - Ineffective Assistance for:

    A) Failure to investigate, generally;

    B) Failure to cross examine/impeach witnesses;

    C) Failure to present expert testimony, generally;

    D) Failure to pursue pretrial motions;

    E) Failure to object to joinder of trials;

    F) Failure to file motions to:

        1) separate trials; and

        2) request a continuance.

    G) Failure to prepare for trial by:

        1) failing to perform prior investigation; and

        2) failing to call experts.

II) Ground II – Court's Abuse of Discretion and Power

    A) Judge Parson erred by:

        1) Improperly joining or consolidating the two criminal cases.

    B) Judge Wilson erred by:

        1) Determining that Counts 1 and 2 were "serious violent offenses."

6. Thus, a number of claims raised in Huband's Federal Petition were not exhausted.

## Discussion

### Exhaustion of State Remedies

7. A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition. *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (citing 28 U.S.C. § 2254(b)(1)(A)). A claim has been exhausted when it has been "fairly presented" to the state court. *Bland,* 459 F.3d at 1011 (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). "Fair presentation" requires more than presenting "all

the facts necessary to support the federal claim" to the state court or articulating a "somewhat similar state-law claim." *Id.* (quoting *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam)). "Fair presentation" means that the petitioner has raised the "substance" of the federal claim in state court. *Id.* (citing *Picard*, 404 U.S. at 278, 92 S.Ct. 509). The petitioner need not cite "book and verse on the federal constitution," but he cannot assert entirely different arguments from those raised before the state court. *Id.*

8. This "exhaustion doctrine" is grounded upon principles of comity and federalism; accordingly, it "seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Jernigan v. Jaramillo*, 436 F. App'x 852, 855 (10th Cir. 2011) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986)). In order to satisfy the doctrine, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—that is, a state prisoner seeking federal habeas relief generally must have first submitted each of his claims to the State's highest court. *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); see 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 23.3 [b], at 1205–06 (6th ed. 2011) ("[T]he petitioner satisfies her exhaustion burden by raising a claim at all stages of the state's appellate review process (including discretionary state appeals).")). A state prisoner bears the burden of showing he has exhausted available state remedies. *Id.* (quoting *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir.1995)). Consequently, Huband bears the burden of demonstrating that he exhausted each of his habeas claims with the New Mexico Supreme Court.

9. In this case, Huband failed to exhaust many of his claims. Additionally, some of Huband's exhausted claims have sub-claims that remain unexhausted. For example, Huband's claim of ineffective assistance of counsel alleging that his attorney "failed to investigate" is exhausted. However, Huband failed to exhaust the specific sub-claims including his attorney's alleged failure to investigate the criminal damage to property claim (and the sub-claims therein), the photographs taken at the crime scene, the entrapment defense, and the temporary insanity defense.  Huband did not raise the substance of these claims in state court and, therefore, did not "fairly present" these claims to the state court.[4]

10. Huband's Petition is "mixed" offering both exhausted and unexhausted claims. When faced with a mixed petition, a federal court has four options.  It may (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) deny the petition on the merits. *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir.2009) (internal citations omitted).

11. Since Huband failed to exhaust his state remedies with respect to several of his claims and sub-claims, it is recommended that Huband be given twenty (20) days to elect to dismiss the unexhausted claims in ¶ 4.  Within 20 days of the entry of an Order adopting these Findings and Recommended Disposition, Huband may amend his federal habeas petition to present only the exhausted claims set forth in ¶ 5.  Should Huband elect to file an amended habeas petition, the exhausted claims should be clearly set forth and numbered.  None of the unexhausted claims

---

[4] Further examples of Huband's failure to exhaust sub-claims includes his claim for his attorney's alleged "failure to present expert testimony" with regard to the handwriting expert, the physician who performed court ordered evaluation or any additional experts regarding Huband's reaction to "traumatic news." Similarly, Huband fails to exhaust the sub-claims contained in his claim for his attorney's "failure to object," including the failure to object to the amended criminal complaint in violation of his previous agreement, the additional amendment on the day of trial, and the amended witness list filed the day of trial.  With regard to Huband's claim that his attorney "failed to file motions" he failed to exhaust his sub-claims for "motions to dismiss" due to the expiration of time under his right to a speedy trial, and for a violation of discovery rules.

listed in ¶ 4 should be included. The Court will then proceed to make findings and recommendations as to the amended petition containing exhausted claims. If Huband does not elect to amend his Petition, it is recommended that this case be dismissed without prejudice in order to allow Huband to exhaust his available state court remedies.

12. Huband seeks a hearing on the cumulative effect of counsel's errors which, he claims, constitutes ineffective assistance of counsel. This is a claim that Huband has not yet exhausted in state court. Therefore, it is recommended that the request for a hearing be denied.

> Respondent's Motion to Dismiss

13. Respondents ask the Court to dismiss Huband's Petition on the grounds that it contains unexhausted claims. [Doc. 19.] Respondents argue that the Petition should be dismissed in its entirety so Huband may pursue his available state-court remedies. *Id*. In response, Huband asks that the Court stay the proceedings while he returns to state court to pursue his unexhausted claims. [Doc. 20, p. 2.] Additionally, Huband requests that the Court order Respondents to calculate the number of days he has left under the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year statute of limitations. *Id*.

14. As the only grounds for dismissal is that the Petition is "mixed," the outcome of the Respondent's Motion is dependent on whether Huband elects to amend his Petition and proceed without his unexhausted claims. Should the Court adopt these recommendations, and if Huband elects to amend his Petition, there is no basis to grant the Motion and it will be recommended that the Motion be denied as moot. However, if Huband does not amend his Petition, it will be recommended that Respondents' Motion be granted.

15. Dismissal, rather than "stay and abay," is recommended for several reasons. First, there has been no showing of good cause to excuse the failure to exhaust all claims presented in the

federal petition. *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d 440 (2005) (abeyance available only in limited circumstances). Second, there is no way of knowing how long the state court proceedings will take and Plaintiff's claims may be resolved to his satisfaction in the state court. Further, Plaintiff may still have time to file a fully exhausted federal habeas petition following the state court proceedings.  "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitation under [the AEDPA's tolling provision, 28 U.S.C. § 2244(d)(2)]." *Gibson v. Klinger*, 232 F.3d 799 (10th Cir.2000).  Finally, this option will promote the purpose of the exhaustion rule which is to prevent "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution," *Picard*, 404 U.S. at 275 (citation omitted), and allow the state courts the first opportunity to hear claims sought to be vindicated in a federal habeas proceeding. *Id.*, at 276.

    16. With regard to Huband's request that the court order the state to calculate the number of days he has left to file a federal habeas petition, it is recommended that this request be denied. Assuming, for argument's sake, that the court would order such a calculation to be performed, it would be unnecessary if Huband elects to amend his Petition.  Further, if Huband does not elect to amend, and the District Court Judge dismisses this case, Respondents could not possibly make such a calculation without first knowing the timing of Huband's filings in additional state and federal court proceedings.  Accordingly, it is recommended that Huband's request be denied.

**Recommendation**

17. Since the habeas corpus petition submitted by Huband is a "mixed petition," that is, it contains both "exhausted" and "unexhausted" claims, it is recommended that Huband's Petition be dismissed in its entirety, without prejudice, unless within twenty (20) days of the entry of any Order Adopting these Findings and Recommended Disposition, Huband chooses to and does amend his Petition to present only his exhausted claims.

                                                   Alan C. Torgerson
                                                   United States Magistrate Judge