IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD HUBAND,

      Petitioner,

v.                                                             No. CV 12-805 WJ/WPL

ERASMO BRAVO, Warden, and
GARY KING, New Mexico Attorney General,

      Respondents.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 52) and Donald Huband's objections thereto (Doc. 53). The PFRD recommended that the Court grant Huband's motion to change respondents and substitute Erasmo Bravo, warden, for Timothy Hatch (*see* Doc. 49); deny Huband's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; dismiss the cause with prejudice; and decline to issue a certificate of appealability (Doc. 52 at 14-15). Having conducted a de novo review, the Court finds the objections to be without merit for the reasons set forth below. The Court also denies Huband's request for an evidentiary hearing. (*See* Doc. 32 at 26; Doc. 33 at 17-18; Doc. 36 at 7; Doc. 53 at 2.)

Huband begins his objections by stating that he is unfamiliar with the process for filing objections and does not know whether to provide additional information to support his claims, question why points he made were not addressed, or provide an alternative perspective to his arguments that were addressed. While the Court construes pro se pleadings liberally, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will not instruct Huband as to a strategy for objecting to the Magistrate Judge's PFRD.

Huband states that he provided conclusive evidence that his rights were violated, that his attorney was ineffective, and that the prosecutor, state judge, and this Court itself abused their power and discretion such that Huband's constitutional and civil rights were violated. Huband states no particular objections to the Magistrate Judge's findings. Huband instead requests only that he receive an evidentiary hearing so that he may further support his claims.

The Magistrate Judge properly cited the Supreme Court's description of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as establishing "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. ---, ---, 131 S. Ct. 1388, 1398 (2011) (citations and internal quotation marks omitted). Further, the Magistrate Judge stated in the PFRD that when assessing whether a state court's decision was unreasonable, the Court must consider the decision "in light of the record the court had before it." (Doc. 52 at 2-3 (citing *Holland v. Jackson*, 542 U.S. 649, 652 (2004)).) As such, the Magistrate Judge did not hold an evidentiary hearing and considered the state court decision based on the state court record. The Magistrate Judge did not further elaborate on why he declined to provide an evidentiary hearing, which the Court examines here.

Huband argued in his Memorandum in Support for the Second Amended Petition for a Writ of Habeas Corpus that he "is entitled to an evidentiary hearing if he makes (1) 'allegations which, if proved, would entitle him to relief,' and (2) 'the facts are in dispute.'" (Doc. 32 at 26 (citing *Medina v. Barnes*, 71 F.3d 363, 366 (10th Cir. 1995)).) The Respondents countered that *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), "firmly shut" the door to evidentiary hearings

where the state court has ruled on the merits of the petitioner's claims. (Doc. 33 at 18 (citing *Littlejohn v. Trammel*, 704 F.3d 817, 867 n.26 (10th Cir. 2013)).)

Huband does not contest that his exhausted claims were adjudicated on the merits in state court. Therefore, this Court examines whether Huband is entitled to an evidentiary hearing where the state court adjudicated his claims on the merits. Section 2254(d)(2) explicitly limits the Court to review of the state court record, permitting habeas relief only where a claim adjudicated on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." However, § 2254(d)(1) does not specifically limit this Court's review to the record before the state court. The Supreme Court clarified § 2254(d)(1) in *Cullen*, holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. at 1398. That is, "evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 1400. Section 2254(e)(2), which provides a basis for a federal evidentiary hearing, "continues to have force where § 2254(d)(1) does not bar federal habeas relief. For example, not all federal habeas claims by state prisoners fall within the scope of § 2254(d), which applies only to claims 'adjudicated on the merits in State court proceedings.'" *Id.* at 1401.

Because Huband's exhausted claims were adjudicated on the merits in state court, § 2254(d) applies, and *Cullen* precludes this Court from conducting an evidentiary hearing.

Finally, the Court observes that Huband has moved to substitute Vincent Horton as Defendant in place of Erasmo Bravo and Timothy Hatch before him, stating that Horton is the warden of the facility where he is currently housed. For the reasons stated by the Magistrate

3

Judge in the PFRD, the Court will grant this motion and deny Huband's earlier motion to substitute Bravo for Hatch as moot.

IT IS THEREFORE ORDERED that:

1) the PFRD is adopted as an order of the Court;

2) Huband's motion to change respondents (Doc. 54) is GRANTED; Huband's earlier motion to change respondents (Doc. 49) is DENIED AS MOOT; and Vincent Horton, Warden, is substituted for Timothy Hatch as respondent;

3) Huband's request for an evidentiary hearing is DENIED;

4) the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody is DENIED;

5) this cause is dismissed with prejudice; and

6) a certificate of appealability is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**